# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-10583
Summary Calendar

BILLIE JEAN VERDI,

Plaintiff–Appellant,

v.

STATE OF TEXAS; CLAY COUNTY, TEXAS; TX WICHITA COUNTY; BUD
GARRETT; TOY WASHINGTON; EVERETT HENDRICKS; WILLIAM R.
GERTH; TIM KING; DERYL KNOWLES; ED DANIELS; LARRY KING;
DEAN TACKETT,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-156

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Billie Jean Verdi seeks damages and injunctive relief for the death of her twelve-year-old son in July 1985. While the death certificate identifies the cause of death as "Multiple Injuries Due to [Train] Accident," Verdi claims that Defendants, law-enforcement personnel, tortured and murdered her son and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

photographed such events. Verdi states that she acquired these photographs on September 13, 2004, but she filed her pro se complaint alleging injury under 42 U.S.C. § 1983 on September 20, 2006. The district court found that the causes of action under both federal and state law were barred by the applicable statutes of limitations and dismissed the complaint with prejudice. Verdi now appeals.

The Supreme Court has held, "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."[1] In Texas, the limitations period in an action for injury resulting in death is two years.[2]

While we look to state law for the length of the statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."[3] Under federal law, "it is 'the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action.'"[4] A plaintiff has "a complete and present cause of action" when "'the plaintiff can file suit and obtain relief.'"[5]

There is no dispute that Verdi had all the information needed to file suit no later than September 13, 2004, when she came into possession of the allegedly incriminating photographs. However, Verdi filed suit on September 20, 2006, at least two years and seven days from the date she had a "complete

---

[1] Wallace v. Kato, 127 S. Ct. 1091, 1094 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989) and Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)).

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b) (Vernon Supp. 2008).

[3] Wallace, 127 S. Ct. at 1095.

[4] Id. (alteration in original) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (internal quotation marks omitted)).

[5] Id. (quoting Bay Area Laundry, 522 U.S. at 201).

and present cause of action." Knowing that the applicable statute of limitations is two years, Verdi admits in her brief that she filed her complaint "7 days late." Accordingly, Verdi's claims under 42 U.S.C. § 1983 are time barred.

As the district court discussed, the same statute of limitations would apply to any state-law claim. Thus, to the extent Verdi seeks redress under substantive state law, those claims would also be time barred.

AFFIRMED.